IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DONTRE JOHNSON,

                Plaintiff,                      OPINION AND ORDER

v.

                                                  23-cv-455-wmc

NICHOLAS RICE and SHELLY DENO,

                Defendants.

Plaintiff Dontre Johnson, who is currently an inmate at Stanley Correctional Institution and representing himself, has filed a construed motion to supplement his complaint, asking the court to allow him to proceed on a class-of-one equal protection claim against defendants Nicholas Rice and Shelly Deno.  (Dkt. #11.)  The court initially denied him leave to proceed on that claim, as he had not alleged that defendants treated him differently from other, similarly situated inmates, but noted that he could file an amended complaint clarifying his claim.  (Dkt. #10, at 5.)

Johnson now alleges that Deno and Rice intentionally treated him differently than other, similarly situated inmates in restricted housing who were allowed access to religious materials when they denied him a Bible for 23 days.  In support, he points to the Division of Adult Institutions' policy of allowing inmates in restricted housing to participate in religious activities.  Further, he asserts that defendants Deno and Rice had no rational basis for denying him a Bible.  Specifically, he asserts that Deno improperly denied him a Bible because he already had four books, which is apparently the limit in the restricted housing

unit, and Rice improperly told him that he could swap out one of his four books in 30-35 days while implying that it was against prison policy to give him a Bible right away.

A plaintiff may bring a class-of-one equal protection claim for being treated "intentionally . . . differently from others similarly situated" for no rational reason. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 799 (7th Cir. 2015) (quotation marks omitted). Here, plaintiff has not alleged that defendants irrationally singled him out because he alleges that defendants denied him a Bible for a reason (he already had his allotted four books) even though that reason was allegedly inconsistent with prison policy. On its own, violating a prison policy is not enough to state a constitutional claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of . . . departmental regulations"). Finally, the alleged two denials of a Bible are not enough to support a class-of-one claim. *See, e.g.*, *Lewis v. Henneman*, No. 16-CV-733-JDP, 2016 WL 7336567, at *1-*2 (W.D. Wis. Dec. 16, 2016) (allowing class-of-one claim to proceed where defendants allegedly issued multiple retaliatory conduct reports and fired him from his job); *Byrd v. Buesgen*, No. 23-CV-64-JDP, 2024 WL 3841605, at *2 (W.D. Wis. Aug. 15, 2024) (allowing class-of-one claim to proceed where defendants conspired to "repeatedly fabricate[] retaliatory conduct reports" against plaintiff). Accordingly, the court will deny plaintiff's motion to supplement, and he may not proceed on a class-of-one equal protection claim.

ORDER

IT IS ORDERED that plaintiff Dontre Johnson's construed motion to supplement his complaint (dkt. #11) is DENIED.

Entered this 6th day of January, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge